UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MORGAN & RUTH DAVIES,

    Plaintiffs,

    v.

F/V ALLIANCE, Official Number 1029958, her engines, machinery, appurtenances and cargo, in rem; OFFSHORE ADVENTURES, INC., NORMAN HUGH SMITH, ALICE SMITH, and THE SMITH FAMILY TRUST, in personam,

    Defendants.

CASE NO. C04-2019C

ORDER

## I. INTRODUCTION

This matter has come before the Court on Defendants' motion to dismiss (Dkt. No. 30). Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court hereby GRANTS in part and DENIES in part the motion. This action shall be STAYED pending the outcome of the related state court proceedings.

## II. BACKGROUND

The parties' dispute centers on the F/V ALLIANCE, a fishing vessel home ported in Ilwaco, Washington. In 1998, Plaintiffs began operating the vessel in Samoa. Two years later, they entered into an agreement to purchase the vessel from Defendants Norman and Alice Smith. According to the Smiths, Plaintiffs breached that agreement and stole the boat. The Smiths recovered the vessel, which is now in

ORDER – 1

1  Samoa, and filed an action in state court to recover damages from the alleged theft. Plaintiffs answered in
2  the state court action, using what appears to be a generic answer form. (Scarp Decl. Ex. 1, Dkt. 35.) In
3  the space marked "Counterclaims," Plaintiffs wrote "Plaintiff owes defendant '$51,298.69' because:
4  'necessaries contracted for and by the owners of the vessel in the nature of captain & crew wages have
5  not been paid.'" (*Id.* (internal quotes indicate text supplied by Plaintiffs).) This answer in the state court
6  action was signed and dated June 11, 2004.

7  On September 24, 2004, Plaintiffs filed the above-captioned action, asserting both *in rem* and *in
8  personam* claims. In March 2005, Plaintiffs' *in rem* claim was dismissed because of lack of jurisdiction
9  over the vessel. (Mar. 24, 2005 Order, Dkt. No. 29.) Defendants now move to dismiss the remainder of
10 the action because the pending state court action constitutes a prior action involving the same claims
11 between the same parties.

12 III.    ANALYSIS

13 As a preliminary matter, the Court notes that Plaintiffs misstate the law when they argue that
14 federal jurisdiction over a seaman's wage claim is mandatory. The treatise Plaintiffs cite to for this
15 proposition states, "Statutory rights with respect to wage claims have led the courts to conclude that
16 jurisdiction over a seaman's wage claim asserted in good faith is mandatory." ROBERT FORCE & MARTIN
17 J. NORRIS, THE LAW OF SEAMEN § 1:22, at 1-50 (5th ed. 2003). However, as Defendants point out, this
18 statement refers to statutes specifically exempting fishing vessels. *See Abraham v. Universal Glow, Inc.*,
19 681 F.2d 451 (5th Cir. 1982) (stating that "Jurisdiction over a wage claim made in good faith *under 46
20 U.S.C. § 596* is mandatory") (emphasis added). *Then see* 46 U.S.C. § 596 (stating "This section shall not
21 apply to fishing or whaling vessels or yachts."). For these reasons, the Court finds that there is no
22 authority stating that the Court's jurisdiction over Plaintiffs' wage claim is mandatory.

23 It is true that the federal courts are *available* for a claim such as Plaintiffs'. It is also true that
24 seamen generally possess the right to choose whether to file suit in federal or state court. In this case,
25 however, the Court finds that Plaintiffs have chosen to pursue their *in personam* remedies in state court.
26 ORDER – 2

Even though Defendants filed the state court action, Plaintiffs acquiesced in the state court case by filing a counterclaim for their back wages. It was not until three months later that Plaintiffs decided to file their federal action.

"Considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' may counsel granting a stay when there are concurrent state proceedings involving the same matter as in the federal district court." *Intel Corp. v. Advanced Micro Devices, Inc.*, 1 F.3d 908, 912 (9th Cir. 1993) (citing *Colo. River Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). *Colorado River* abstention is only appropriate in exceptional circumstances. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 19 (1983). The determination of whether exceptional circumstances exist involves a pragmatic and flexible balancing of factors. *Id.* Generally, the factors considered are as follows: (1) which court first assumed jurisdiction over the property in dispute; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained. *Colo. River*, 424 U.S. at 818. Additional relevant factors may also be considered. *See, e.g.*, *Moses H. Cone*, 460 U.S. at 16 (assessing the relative progress of the state and federal actions); *id.* at 19 (considering the possible inadequacy of the state court proceedings); *40235 Wash. St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (also considering whether state or federal law controls decision on the merits).

In the case at bar, the Court finds that factors 3 and 4, as well as the factors considering the relative progress of the state and federal actions and the adequacy of the state court proceedings, weigh heavily in support of a stay in this case pending resolution of the state court proceedings. Plaintiffs do not dispute that the state court proceedings (including Plaintiffs' counterclaims) were commenced before the instant action and are now at a more advanced stage. In addition, Plaintiffs themselves have conceded that except for the *in rem* claims already dismissed by this Court, they could have made the same claims by way of counter-claim in state court. (*See* Davies' Motion for an Order to Stay, Scarp Decl. Ex. 3.) This concession puts to rest any concerns that the state court proceedings would somehow be inadequate

ORDER – 3

with respect to Plaintiffs' *in personam* claims and also highlights the superfluousness of this federal action in light of the already pending state court proceedings.

The remaining factors have little relevance or impact in the instant analysis. Although Plaintiffs' *in rem* claims could only have been asserted in federal court, the Court has determined that it does not have jurisdiction over the vessel. Therefore, the first factor, jurisdiction over the *res*, is inapplicable to this case. The second factor, inconvenience of the federal forum, weighs slightly against abstention. Finally, in light of the fact that Plaintiffs' *in rem* claims have been dismissed, Plaintiffs' federal action no longer contains any claims exclusively cognizable in federal court. Absent such claims, the Ninth Circuit has held that where the causes of action in state and federal court involve the same underlying factual inquiry, it is possible for the fundamental substantive nature of the issues involved to trump the formalist question of whether state or federal law applies and render a federal question suitable for determination in state court. *40235 Wash. St. Corp*, 976 F.2d at 589.

For these reasons, the Court finds that the instant action is characterized by exceptional circumstances justifying the exercise of *Colorado River* abstention. Therefore, the action must be stayed pending resolution of the state court proceedings.

IV.  CONCLUSION

In accordance with the foregoing, the Court orders that the above-captioned action be STAYED pending resolution of the state court proceedings. This case shall be removed from the Court's active caseload. The parties are directed to keep the Court apprised of the progress of the state court proceedings.

SO ORDERED this 10th day of June, 2005.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 4